## No. 13,741.

### STATE OF LOUISIANA VS. ARCHIE SMITH ET ALS.

### SYLLABUS.

1. In a case in which the defendants were charged with burglary and larceny, the date the verdict is returned into court may be corrected by the jury in court (while they are present to make this return), the purpose being to correct an oversight on the jury's part, and to insert the correct date of the return. There was no necessity to date the verdict, but having been dated, it was proper to have it dated correctly.
2. Under the rule *idem sonans*, a verdict returned for "burgurly" would justify a sentence and judgment for burglary.
3. The error in spelling was corrected. The court directed the jury to return to their room of deliberation and reconsider their verdict. On their return, after having deliberated, they corrected the verdict from "burgurly" to "burglary". When the jury returns a defective verdict, the judge may, after proper instructions, order them back for further action.
4. On a motion in arrest of judgment, only intrinsic causes appearing upon the face of the record will be considered and decided. The name of the corporation in which the property is laid suffices without the necessity of naming one or more of its officers in the indictment.

APPEAL from the Fifteenth Judicial District, Parish of Calcasieu -- *Miller, J.*

*Walter Guion,* Attorney General, (*L. H. Moss, J. W. Bryan* and *Lewis Guion,* of Counsel) for Plaintiff, Appellee.

*Paul A. Sompayrac* for Defendants, Appellants.

The opinion of the court was delivered by

BREAUX, J. Defendants appeal from a judgment condemning them to serve two years in the penitentiary. They were charged with burglary and larceny. They were placed on trial, and, during the trial, two bills of exception were reserved to the ruling of the trial judge. A motion for a new trial was filed in their behalf, and, also, a motion in arrest of judgment. They were both passed upon adversely to the defendants.

The defendants, as a ground of defense, set forth, in substance, in one of the bills of exceptions, that the jury's verdict was of a date sub-

sequent to that on which it was returned into court. When the verdict was handed to the clerk of court it bore the date of November 15th, 1900. Immediately after the verdict had been handed to the clerk of the court by the jury, the court ordered the jury to be polled and the names of three jurymen called, when the court was made aware of the fact that the date was an error; that the 15th, as before stated, was not the correct date. Under the direction of the judge, the jury retired and inserted the correct date, which was November 14th, 1900, and returned with the verdict which it had before offered to have filed.

The date of the verdict has naught to do with the crime which the jury finds a defendant has committed. The court had the power, *ex proprio motu,* to have the proper correction of this date made by the jury in order to have it conform with the date of the minutes and thereby obviate all question of inconsistency between the date stated by the jury and the date of the minutes. The jury having misdated their verdict, there was no possible legal objection to the court's directing them to insert the proper date in lieu of the before mentioned incorrect date. In this change of date, there was nothing in the most remote degree prejudicial to the defendants.

Defendants' next objection is that the jury offered to return the following verdict: "We, the jury, find the accused guilty of *burgurly.*" It appears, as relates to the facts upon which this objection is founded, that, after the jury had returned into court with the date corrected in accordance with the direction, as before stated, the court's attention was called to the fact that the jury had rendered their vedict with the word "burglary" written "burgurly", as just stated. Under the court's direction, the clerk wrote down the verdict of the jury as returned, that is with the word "burgurly", in order to have a correct record of the jury's action. The court then said to the jury that the defendants were being prosecuted for burglary; that they must return to their room of deliberation, find a verdict and return it to the court.

In our view, there is very good reason for sustaining the verdict as at first hands to the court. It falls within the rule *idem sonans.* In a criminal case, it is not necessary to return a verdict in writing and signed; it may be delivered orally. If the jury had returned their verdict orally and the foreman had pronounced the word in question as it was written, the clerk, properly, would have written it down as it was subsequently written by the jury, that is, "burglary". The pronunciation of the two words is very much the same. We think the variance

in spelling from what it should have been, clearly falls within the rule *idem sonans* and that the verdict, as at first handed in by the jury, was absolutely legal.

In State vs. Smith, 33 Ann. 1114, this court said that a verdict writ-ten "mansluder" for "manslaughter" was none the less valid under the rule *idem sonans*. The error in spelling and in sound, in the case be-fore us for decision, is not greater than it was in the cited case. As re-lates to sound when pronounced, it, at once, gives rise to a decided in-ference that manslaughter was the word intended to be used in the first case and that burglary was intended in the other. But the error in the word as first written was not permitted to remain on the record as the verdict. We have seen that the jury, under the court's direction, were sent to their room for deliberation, and, upon their return into court, they rendered the verdict as they had intended in the first place. It is well settled that when a jury returns a defective verdict, the judge may refuse to receive it, and may, after having given them proper instruc-tions, order them back for further action. This was done. The ver-dict was made doubly legal, if that were possible. It must be borne in mind that the verdict first returned was not accepted by the court. The order was issued to make proper entry of the fact that the jury had offered a verdict that was defective in verbiage, and that after proper entry in the minutes, the court directed them to return and find a ver-dict.

This disposes of the points which arose during the time occupied in the examination of witnesses and before the jury.

In due time after the verdict, the defendants alleged that the verdict is contrary to the law and the evidence; that the verdict first returned by the jury and read and inscribed upon the minutes of the court being the only verdict legally returned by the jury, was not responsive to either of the charges contained in the indictment and named something unknown to the law of the land as a crime, and, because the second verdict rendered by the jury was rendered after they had performed their functions and by their former verdict rendered *functus officio*, and, lastly, because after the jury had rendered a verdict and received instructions to retire and render another verdict, they were instructed that they had been charged upon a trial for burglary and larceny and were not then informed that they could find a verdict of not guilty.

The first ground presents no question for review on appeal. It has been repeatedly decided that the broad allegations, "contrary to the law

and the evidence" brings up no question on appeal. State of Louisiana vs. Joseph McFarlain, 42 Ann. 803; State of Louisiana vs. William Green, 43 Ann. 402; State of Louisiana vs. Bildstein, 44 Ann. 778.

As relates to the second ground, we can only say in answer that under the rule *idem sonans,* the first verdict was responsive to the charge and legal.

With reference to the objection that the second verdict was rendered by the jury after they had performed their functions and had become *functus officio,* the court had the authority to direct the jury to retire and correct the defectiveness of the verdict by correcting a mistake in spelling. No suggestion was made as to the verdict they should return. There was no impropriety in calling attention to the fact that the defendants were being prosecuted for burglary in order that the jury might discover their mistake in writing the word *"burgurly".* Errors in verdict may be corrected by following the mode required. State of Louisiana vs. Disch, 34 Ann. 1134; State of Louisiana vs. Harris, 39 Ann. 1105; State of Louisiana vs. Keasley, 50 Ann. 761.

Regarding the objection that the jury were not instructed, when they retired to correct their verdict, that they could find a verdict of not guilty, the record does not disclose that they were not properly instructed in the general charge. There was no necessity to go over the same ground and say to them again that they could find a verdict of not guilty. No exception was taken to the general charge. There is no necessity of its appearing affirmatively that this instruction was given. The *onus* was with the defendant to take a bill of exceptions and show wherein, as relates to the judge's charge, the law had not been complied with.

This brings us to the motion in arrest of judgment. It contains all the objections heretofore considered and decided, save one, grounded on the averment that the officers of the corporation in whom the goods are laid are not named in the indictment, and that the domicile of the corporation is not alleged in the charge.

As relates to burglary and theft, the law which governs and protects individuals is the same which protects corporations. Their right to property is the same as that of individuals and exists independently of the individuals of whom they are composed. The name of the corporation suffices in the indictment without the necessity of setting forth the names of its officers or the domicile of the corporation. Besides, all those objections may have been cured by the evidence and it is, in con-

sequence, too late to urge them in motion in arrest. They do not appear on the face of the papers and they do not raise those exclusive questions of law which are brought for review on that motion. Counsel for the defendants argued two of the points raised, stating at the time that he left all the others to the decision of the court. We have considered them all. They present no question which would justify us in disturbing the verdict.

For reasons assigned, the verdict, sentence, and judgment are affirmed.